NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: DAVID C. CORSON,**
*Petitioner*

2017-134

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims.

**ON PETITION**

PER CURIAM.

**ORDER**

The court construes David C. Corson's documents received August 14, 2017 as a petition for a writ of mandamus seeking various relief. The Secretary of Veterans Affairs opposes. Mr. Corson replies.

BACKGROUND

Mr. Corson served on active duty in the United States Navy. Within a year of his discharge, the Department of Veterans Affairs ("VA") granted Mr. Corson entitlement to service connection for a non-malignant angiofibroma of the naso-pharynx. In 1964, the VA assigned him a thirty percent disability rating for that condition. In 1983, the Board of Veterans' Appeals denied his request for an

increased-disability rating for that condition, denied his claims for a psychiatric disability and brain condition, and also denied him entitlement to a total disability rating due to individual employability ("TDIU").

In 2001, the Board denied Mr. Corson's request to revise the Board's 1983 decision, finding that prior final decision contained no clear and unmistakable error ("CUE"). Mr. Corson then made several attempts to argue that the Board's 2001 decision contained CUE, which were rejected as prohibited under 38 C.F.R. § 20.1409(c), which provides that "[o]nce there is a final decision on a motion under this subpart relating to a prior Board decision on an issue, that prior Board decision on that issue is no longer subject to revision on the grounds of clear and unmistakable error." *See also Corson v. McDonald*, 662 F. App'x 954 (Fed. Cir. 2016) (affirming dismissal of request for revision of the Board's 2001 decision on the basis of CUE); *Corson v. Shinseki*, 396 F. App'x 688 (Fed. Cir. 2010) (same).

Meanwhile, Mr. Corson filed numerous claims before the VA and mandamus petitions and appeals before the United States Court of Appeals for Veterans Claims. Of particular relevance here, in November 1999, the VA awarded Mr. Corson entitlement to TDIU and subsequently assigned him an effective date of May 30, 1997. *See Corson v. Nicholson*, 24 Vet. App. 203 (2007). Mr. Corson appealed that effective date ruling to the Board, arguing that he was unemployable as early as of the date of his discharge. In March 2010, the Board issued a decision denying his claim for an earlier effective date, finding that the record did not contain any medical evidence showing he had become unemployable prior to his already assigned effective date. Mr. Corson appealed that decision but decided to withdraw his appeal. *Corson v. Shinseki*, No. 10-1522 (Vet. App. Jan. 25, 2011).

In October 2016, Mr. Corson filed a "constitutional complaint," which the Board construed as a request for relief concerning rating decisions of a regional office and forwarded the matter to the VA's Regional Office in Huntington, West Virginia. In January 2017, he also filed a complaint at the Board, alleging various due process violations in his prior decisions. But Mr. Corson subsequently requested that the Board dismiss his complaint and requested the removal of "all Claims currently before the Huntington Regional Office."

In June 2017, Mr. Corson filed at the Board an informal brief entitled "Appellants Motion for a Decision on a Constitutional Question." The brief's caption contained the Veterans Court instead of the Board. The brief alleged fraud, due process violations, and assertions of error in the regional office's 1980 and 1982 rating decisions that were the subject of the Board's 1983 decision, the Board's 1983 decision itself, and the Board's 2001 decision. It appears that the Board forwarded the brief to the Veterans Court. On July 17, 2017, the Deputy Operations Manager of the Veterans Court sent a letter to Mr. Corson acknowledging receipt of his brief but stating that the Veterans Court's "jurisdiction is limited to appeals from a final Board decision." Mr. Corson now submits documents requesting this court's review.

## DISCUSSION

Under 38 U.S.C. § 7292(a), this court has authority to review "decision[s]" of the Veterans Court that have been "entered in a case." A "decision" of the Veterans Court is one reached by a "judge" or "panel" of that court. *See* 38 U.S.C. § 7267(a). Here, however, no such decision was issued by the Veterans Court. Mr. Corson only received a letter from the Deputy Operations Manager of the court. We therefore cannot treat Mr. Corson's submission as an appeal under § 7292(a).

While Mr. Corson does not have a statutory right to appeal, we may treat his submission as seeking mandamus relief under 28 U.S.C. § 1651. *See GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1312 (Fed. Cir. 2015). A writ of mandamus is a "drastic and extraordinary remedy" to be used only in "exceptional circumstances." *Cheney v. U.S. Dist. Court for the Dist. of Columbia.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). A writ requires that a petitioner has no other adequate means to obtain the desired relief and has a "clear and indisputable" right to the writ. *Id.* at 380–81 (internal quotation marks and citations omitted).

Mr. Corson's submissions ask this court to "reverse the 1964 rating decision and find a 100% TDIU finding . . . retro-active to the original date of the claim, 12-9-1961" or alternatively "to find TDIU[] in the 2002 BVA decision retro-active to 12-9-1961, the date of the original grant of [service connection] for DC 6820-angiofibroma of the nasopharynx" and an earlier effective date for TDIU. He asks this court to "reverse the Court of Appeals['] refusal to make any determination on the Secretary exceeding his Constitutional authority to change without regard to laws created by Congress, the VA's established rating procedures for rating already service connected . . . disabilities." And he asks the court to "compel action of the Secretary unlawfully withheld or unreasonably delayed . . . to discuss, adjudicate, evaluate, and make a rating determination of the Still pending claims and Still pending claims on appeals in [his] 2002 TDIU claim" (internal quotation marks and emphasis omitted).

To the extent that Mr. Corson is asking us to direct the Veterans Court or the agency to grant him an earlier effective date for his TDIU claim, we must deny his request. For one thing, this court has already explained to Mr. Corson that he is collaterally estopped from relitigating whether there was CUE in the 1980 and 1982 rating decisions, the Board's 1983 decision, and the

Board's 2001 decision. Yet, he appears to be raising such challenges again in his brief. Moreover, given Mr. Corson's prior unsuccessful attempts to obtain an earlier effective date, at a minimum, we cannot say that he has a clear and indisputable right to relief. *See In re Brown*, 382 F. App'x 150 (3d Cir. 2010) ("Mandamus cannot be used to obtain relief that has been sought and denied.").

To the extent that Mr. Corson seeks to compel the Veterans Court to take action on the brief he filed in June 2017, we also see no basis to grant such relief. It does not appear Mr. Corson actually attempted to docket an appeal. And in any event, Mr. Corson's brief appears to relate to prior cases that have long been closed and are final. Finally, the court notes that if Mr. Corson believes that he has any pending unadjudicated claim, he should pursue such claim by informing the VA that a particular benefit is being sought. He may not bypass the ordinary claims process by way of mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32